IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE T. CLEMENTS,<br><br>  Plaintiff,<br><br>  v.<br><br>EDWARD J. CADEN, et al.,<br><br>  Defendants. | No. C 04-2360 JSW (PR)<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

Plaintiff, a prisoner of the State of California incarcerated at Salinas Valley State Prison, filed this civil rights complaint. The Court dismissed the complaint with leave to amend (docket no. 6), and Plaintiff filed an Amended Complaint (docket no. 7). The Court finds the Amended Complaint fails to set forth cognizable claims under 42 U.S.C. § 1983. Accordingly, the Court will DISMISS the Amended Complaint.

**DISCUSSION**

I   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Amended Complaint

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976).

Plaintiff complains that he has been denied a request to transfer to another prison facility to be closer to his sister while there is an illness in the family. This grievance does not set forth a constitutional violation sufficient to state a claim. As discussed in the earlier Order Dismissing Complaint with Leave to Amend, prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 224-25) (intrastate prison transfer does not implicate Due Process Clause).

Plaintiff also complains that he has been denied a timely appeal of his transfer

request. This grievance also fails to state a claim. As discussed in this Court's earlier order, there is no constitutional right to a prison administrative appeal or grievance system. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied,* 488 U.S. 898 (1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The California Code of Regulations, title 15 section 3084 *et seq.*, grants state prisoners a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495. As such, Plaintiff has not stated a claim regarding the appeal of his grievance.

    Plaintiff's Amended Complaint does not allege any violation of a federally protected right and therefore fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, Plaintiff's claims must be dismissed. 28 U.S.C. § 1915A(b). *Cf. Cato v. United States,* 70 F.3d 1103, 1106-07 (9th Cir. 1995) (a complaint that fails to identify any constitutional or statutory right that was violated, or assert any basis for federal subject matter jurisdiction or waiver of sovereign immunity, is frivolous). The Court has already given Plaintiff leave to amend his original complaint to state a cognizable claim under § 1983. As it appears Plaintiff cannot cure the defects of his claims, the Amended Complaint will be dismissed without leave to amend.

//

//

//

**CONCLUSION**

Plaintiff's Amended Complaint is DISMISSED without leave to amend. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 12, 2005

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

4

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

Clement,

        Plaintiff,

  v.

Caden et al,

        Defendant.
                                      /

Case Number: CV04-02360 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dale T. Clement K-75265
S.V.S.P
P.O. Box 1040
Soledad, Ca 93960

Dated: October 13, 2005

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk